(97 South. 160)

**STATE ex rel. WHATLEY v. BREWER, Judge. (5 Div. 466.)**

(Court of Appeals of Alabama. June 26, 1923.)

**1. Courts ⟐117—"Judicial records" not subject to impeachment.**

"Judicial records" are memorials in rolls or writings on paper or parchment of the proceedings or acts of courts of justice, and are of such solemnity and verity that they admit of no averment, plea, or proof to the contrary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judicial Record.]

**2. Criminal law ⟐1063(5). 1088(6) — Order excluding spectators not part of record proper and bill of exceptions or motion for new trial necessary.**

The order on direction of the trial judge excluding from the courtroom during a criminal prosecution for seduction all persons except those necessary in the conduct of the trial is not part of the record proper and can be made part of the record only by motion for new trial or bill of exceptions.

**3. Criminal law ⟐429(2)—Record not amendable by parol evidence.**

The rule in civil cases that the record proper, and particularly the judgment entry, cannot be amended by parol evidence, but that there must be either record evidence of the proposed amendment or quasi record evidence, such as the bench notes of the trial judge or other memorandum entered upon the record by the judge or some other officer of the court, is equally applicable to the record of criminal actions.

Original petition by the State of Alabama, on the relation of Leslie Whatley, for mandamus to Hon. S. L. Brewer, as Judge of the Fifth Judicial Circuit. Mandamus denied.

Barnes & Walker, of Opelika, for appellant.

The exclusion of the public from the trial of the defendant is in violation of Const. Ala. 1901, § 6. Wade v. State, 207 Ala. 1, 92 South. 101; Ex parte Wade, 207 Ala. 241, 92 South. 104; Stewart v. State, 18 Ala. App. 622, 93 South. 274. Mandamus is the proper remedy to correct an erroneously entered judgment. 18 R. C. L. 305; Boust v. Superior Court, 162 Cal. 343, 122 Pac. 956; Hollister v. Judges, 8 Ohio St. 201, 70 Am. Dec. 100; Code 1907, § 2837. A motion to amend a judgment entry nunc pro tunc can be made in the trial court at a subsequent term pending an appeal. Cunningham v. Fontaine, 25 Ala. 648; Jackson v. Tate, 81 Ala. 253, 2 South. 97; Ware v. Brewer, 34 Ala. 115; Ex parte Henderson, 84 Ala. 37, 4 South. 284. Any court of record has the power and authority to amend nunc pro tunc its own judgments upon any clear, competent, and convincing evidence in point, either in or out of the record, and whether documentary or oral, official or unofficial. Murphy v. Stewart, 2 How. 263, 11 L. Ed. 261; In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; Wilson v. Handsboro, 99 Miss. 252, 54 South. 845, Ann. Cas. 1913E, 345; Hicklin v. Marco (C. C.) 64 Fed. 609; Frink v. Frink, 43 N. H. 508, 80 Am. Dec. 189, 82 Am. Dec. 172; Jacks v. Adamson, 56 Ohio St. 397, 47 N. E. 48, 60 Am. St. Rep. 749; Kaufman v. Shain, 111 Cal. 16, 43 Pac. 393, 52 Am. St. Rep. 139; Breene v. Booth, 6 Colo. App. 140, 40 Pac. 193; People v. Arapahoe County Court, 9 Colo. App. 41, 47 Pac. 469; Weed v. Weed, 25 Conn. 337; Bobo v. State, 40 Ark. 224; Goddard v. State, 78 Ark. 226, 95 S. W. 476; Bessemer Irrigating Co. v. West Pueblo Co., 65 Colo. 258, 176 Pac. 302; School District v. Bishop, 46 Neb. 850, 65 N. W. 902; Ackerman v. Ackerman, 61 Neb. 72, 84 N. W. 598; Clark v. Bank of Hennessey, 14 Okl. 572, 79 Pac. 217, 2 Ann. Cas. 219; Jones v. Gallagher, 64 Okl. 41, 166 Pac. 204, 10 A. L. R. 518; Co-Wok-Ochee v. Chapman, 76 Okl. 1, 183 Pac. 610; Jenkins v. Long, 23 Ind. 460; Mayo v. Whitson, 47 N. C. 231; State v. Swepson, 83 N. C. 584; Mitchell v. Lincoln, 78 Ind. 531; Brownlee v. Board, 101 Ind. 401; Parkhurst v. Citizens' Nat. Bank, 61 Md. 254; Clark v. Lamb, 8 Pick. 415, 19 Am. Dec. 332; Christisen v. Bartlett, 73 Kan. 401, 84 Pac. 530, 85 Pac. 594; Garrison v. People, 6 Neb. 274; Schmidtgall v. Walshtown, 27 S. D. 103, 129 N. W. 1042.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for appellee.

A judgment cannot be amended nunc pro tunc upon parol evidence, in either a civil or criminal cause. 10 A. L. R. 626; Brown v. Bartlett, 2 Ala. 29; Bondurant v. Thompson, 15 Ala. 202; Metcalf v. Metcalf, 19 Ala. 319, 54 Am. Dec. 188; Hudson v. Hudson, 20 Ala. 364, 56 Am. Dec. 200; Van Dyke v. State, 22 Ala. 57; Dunlap v. Horton, 49 Ala. 412; Ex parte Jones, 61. Ala. 399; Ex parte Davis, 95 Ala. 9, 11 South. 308; Story Mer. Co. v. Mc-Clellan, 145 Ala. 631, 40 South, 123; Phillips v. State, 162 Ala. 14, 50 South. 194; Davis v. State, 136 Ala. 136, 33 South. 813; Palmer v. State, 2 Ala. App. 265, 56 South. 50.

BRICKEN, P. J. This is an original application for a writ of mandamus to compel the judge of the circuit court of Macon county, Hon. S. L. Brewer, to amend a judgment nunc pro tunc in the case of State of Alabama v. Leslie Whatley, in the circuit court of Macon county. The amendment sought is by adding to and including in said judgment entry a recital of a remark, command, or order made by the judge of the circuit court, which was made at the beginning of the trial of the defendant on a charge of seduction, that "all persons be excluded from the courtroom except those necessary in the conduct of the trial." In other words, it is sought to compel the court to make the judgment entry, the record proper, show at the beginning of the trial the court ex mero motu directed and ordered that all persons be excluded from the courtroom except those necessary to the conduct of the trial. The trial was had on April 26, 1921. On March 31, 1923, the defendant filed his motion in the circuit court to amend the judgment nunc pro tunc in the manner and form stated above. In support of his motion defendant offered in evidence affidavits of several witnesses to the effect that they were present in the courtroom on April 26, 1921, when the defendant was arraigned, and that before going into the trial of the case the trial judge in open court announced that all persons not interested in the case, either as parties, attorneys, or jurors participating in the trial, would leave the courtroom, and that thereupon the spectators left the courtroom. The court declined to allow the introduction of the affidavits in evidence, to which ruling the defendant excepted, and on hearing of the motion it was denied, and the defendant thereupon made this application to this court. The trial court ruled correctly in overruling and denying this motion. There are two reasons why the motion should not and could not legally be granted or the judgment proposed or amended as directed.

[1] Judicial records are memorials, in rolls or writings on paper or parchment, of the proceedings or acts of courts of justice. They are of such uncontrollable solemnity and verity that they admit of no averment, plea, or proof to the contrary. They are memorials of the end of strife when the dispute has been settled by the judgment of the court. Such is the description of Lord Coke. It has been well and repeatedly said by the greatest judges of the greatest courts that, if the rule and law were otherwise, there would be difficulty to see where litigation would end. Hamilton v. Com., 16 Pa. 133, 55 Am. Dec. 485.

[2] The matter or recital sought to be inserted in the judgment entry in this case was not matter for the record proper. It could be made matter of record only by a motion for new trial or a bill of exceptions. It was not matter that could have been or should have been originally inserted in the record proper. As was said by the Supreme Court of the United States in Taylor's Case, 147 U. S. 695, 13 Sup. Ct. 479, 37 L. Ed. 335, the best definition of a common-law record in a criminal case to be found in American practice is that of the Supreme Court of Illinois in McKinney v. People, 2 Gilman (2 Ill.) 552, 43 Am. Dec. 65, where it is stated that, in a criminal case, after the caption, stating the time and place of holding the court, the record should consist of the indictment properly indorsed as found by the grand jury, the arraignment of the accused, the impaneling of the jury, the verdict, and the judgment of the court. Consequently the remarks, directions, or orders of the trial judge during the course of the trial are not a part of the record proper, much less of the judgment entry. 1 Chitty's Crim. Law, 719. Of course we have statutes making other matters a part of the record, and making them necessary to support a conviction. See Spicer's Case, 69 Ala. 163. The matter here sought to be injected into the record, however, is not covered by any of these statutes.

As has been repeatedly decided by the appellate courts of this state, it is the object, purpose, and effect of a bill of exceptions to make certain facts and matters a part of the record which would not otherwise be shown of record. They are not and cannot be made part of the record of the trial or of this court except by the bill of exceptions or motion for new trial. It has been repeatedly decided by this court and the Supreme Court that even charges and instructions were not a part of the record proper on the trial of civil or criminal cases unless made so by bill of exceptions, and that they were then not a part of the record of the trial court, but of the Supreme Court. Decisions to this effect are too numerous to require citation. It has also been repeatedly held that even motions for new trials were not part of the record unless made so by bill of exceptions. We are speaking now, however, of the law before the passage of the statutes of 1915,

which changed the law and rule of this state as to certain matters becoming a part of the record of the trial court. It therefore requires a statute to make these matters, such as charges in court, motion for new trial, etc., a part of the record. If written charges and written motions were not a part of the record unless made so by the statute or a bill of exceptions, then certainly the matter here sought to be inserted in the judgment entry, the material part of the record proper, could not be inserted.

As the matter sought to be inserted in the record by mandamus and by motion to amend the judgment nunc pro tunc was not included within the statutes of 1915, and was not made so by a motion for a new trial or bill of exceptions, then it cannot be made a part of the record proper. Moreover, it would be improper for the court to insert such matter in the record.

[3] The circuit court likewise denied the motion to amend the judgment nunc pro tunc for the reason that it is the well-settled law of this state in both civil and criminal cases that the record proper, certainly the judgment entry, cannot be amended by parol evidence. There must be either record evidence of the proposed amendment or quasi record evidence, such as the bench notes of the trial judge or other memorandum entered upon the record by the judge or some officer of the court. It cannot be amended, therefore, by parol testimony. Counsel for petitioner admit that this is the rule in regard to civil cases, but claim that the rule is or ought to be different in criminal cases. To this we cannot agree. The rule is even more strict in criminal cases, and many courts have so decided. For example, many cases have been reversed and the defendant discharged because the record failed to show his presence at the trial, this being a necessary prerequisite to support a judgment. Likewise a number of judgments have been reversed because the record proper failed to show that the statute had been complied with with regard to arraigning the defendant and drawing the special venire required by statute in capital cases. In these cases there was no question but that the special venire was drawn as required by the statute; but the record failed to show it, and, there being no quasi record evidence thereof, it was held that the judgment could not be amended, and that it was void, unless the defendant was held to have consented; as to his being in court, it was held that he could not consent to be absent. Peters v. State, 39 Ala. 681; Sudduth v. State, 124 Ala. 34, 27 South. 487; Spicer v. State, 69 Ala. 163.

The record proper or judgment entry in a criminal case does require that it show the presence of the defendant at and during the trial, but it does not require and it has never been the custom or practice of record or judgment entries to show the presence or absence of spectators at the trial, and hence such matter is not appropriate for the record proper.

It therefore results that the application for mandamus must be denied, and the petition dismissed.

Mandamus denied.