IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 5, 2005 Session

## KATHY McPEAK v. VIRGINIA THOMAS

**Direct Appeal from the Circuit Court for Hawkins County**
**No. CV-000392      Hon. Kindall T. Lawson, Circuit Judge**

---

**No. E2004-00400-COA-R3-CV  - FILED MAY 11, 2005**

---

Defendant appealed from the Trial Court's Judgment in favor of plaintiff.  On appeal, appellant argues the Trial Court erred in ruling for appellee and appellee should be estopped from gaining possession of the property in dispute.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

John S. Anderson, Rogersville, Tennessee, for appellant.

Mark A. Skelton, Rogersville, Tennessee, for appellee.

**OPINION**

This action originated in Sessions Court wherein a Judgment was awarded to the plaintiff for the disputed property.  The defendant appealed to the Circuit Court and the Circuit Judge entered Judgment on August 11, 2003, which states in pertinent part:

> "This cause came to be heard on the 4th day of August, 2003. . . upon the appeal by the Defendant from the General Sessions Court Case #27515 relating to the Judgment awarded to the Plaintiff for the possession of the real property. . . the Court finding that Kathy Ann McPeak is the owner of the property and is entitled to immediate possession of the property.  IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED THAT: 1.  Judgment is awarded to the Plaintiff, Kathy Ann McPeak.

Kathy McPeak is the owner of the real property. . . and is entitled to immediate possession of said property.

Defendant has appealed from the Circuit Court Judgment and has raised these issues:

1. Whether the trial court erred in dismissing the appellant's appeal of the Hawkins County Sessions County Judgment on the Detainer Warrant.

2. Whether the appellee is collaterally estopped on pursuing possession of the real property with the will contest lawsuit pending which would change ownership of the subject property.

3. Additionally, the appellee seeks damages for frivolous appeal pursuant to Tenn. Code Ann. § 27-1-122.

Appellant states as her first issue that the Circuit Court erred in dismissing her appeal. As an initial matter, the Order disposing of this case is not a dismissal. Rather, the Judgment states the Trial Court heard the matter and awarded Judgment in favor of the appellee, finding her to be the owner of the property and entitled to possession. A trial court speaks only through its written judgments, duly entered upon the minutes. *Environmental Abatement, Inc. v. Astrum R.E. Corp.,* 27 S.W.3d 530, 536 (Tenn. Ct. App. 2000).

The appellate record contains no transcript of the evidence, and the briefs before us are deficient. *See* Rule 27(6), Tenn. R. App. P. The appellee asserts in her brief that the case was tried upon a stipulation of facts. The Judgment Order does not indicate the decision was based upon stipulations and arguments of counsel. Recitation of the facts in an appellate brief are not evidence and may not be considered by the Court in lieu of an evidentiary transcript. *Price v. Mercury Supply Co., Inc.,* 682 S.W.2d 924, 929 (Tenn. Ct. App. 1984); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988); *State v. Bennett,* 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). *Also see Reed v. Reed,* 1997 WL 791471 (Tenn. Ct. App. Dec. 29, 1997).

Without a transcript or statement of the evidence, this Court conclusively presumes that the trial court's factual determinations are correct. *In re Adoption of D.P.M.,* 90 S.W.3d 263, 267 (Tenn. Ct. App. 2002), *quoting, Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Appellant's second issue raises the doctrine of collateral estoppel, and she asserts, without citation to authority, that a pending will contest should have somehow "collaterally estopped" the circuit court from granting judgment and that appellee should be prevented or "collaterally estopped" from taking possession of the property.

The record contains no evidence to merit discussion of this issue.

Finally, appellee asks for sanctions for a frivolous appeal. Both parties bear some

complicity for the state of this record and the prolonged nature of this litigation. In our discretion we decline to award damages pursuant to Tenn. Code Ann. § 27-1-122.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Virginia Lynn Murphy Thomas.

_____
HERSCHEL PICKENS FRANKS, P.J.