IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 15, 2006 Session

## STATE OF TENNESSEE v. DONALD EDWARD LYNCH, IN RE: X-CELL BONDING COMPANY

Direct Appeal from the Criminal Court for Sullivan County
Nos. S48,726-753    R. Jerry Beck, Judge

No. E2005-01362-CCA-R3-CD - Filed November 2, 2006

The appellant, X-Cell Bonding Company, appeals the order of final forfeiture declared upon the minutes of the Sullivan County Circuit Court. Because the record fails to contain a Rule 58 final judgment, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN, J., and J. S. (STEVE) DANIEL, SR. J., joined.

Joel H. Moseley, Sr. and Joel H. Moseley, Jr., Nashville, Tennessee, and George T. East, Kingsport, Tennessee, for the appellant, X-Cell Bonding Company.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The instant case arose from the criminal prosecution of the defendant, Donald Edward Lynch. The appellant underwrote the defendant's appearance bond in the amount of $200,000. On October 11, 2004, the defendant failed to appear at a scheduled court appearance, at which time the trial court declared a conditional forfeiture on the appearance bond, issued a scire facias to the appellant and ordered that a capias issue for the arrest of the defendant. On April 8, 2005, the appellant filed a motion for an extension of time to bring the defendant before the court. On April 15, 2005, a hearing was held upon the defendant's motion. The trial court denied any extension of time and declared a final bond forfeiture in the minutes of the court. On May 16, the appellant filed a motion to alter or amend the trial court's "Final Forfeiture Order" by allowing the appellant to pay installments on the forfeiture and/or to be allowed 90 days to liquidate real estate to pay the judgment. The record reveals that a hearing was held on the appellant's motion on May 17, 2005; the trial court denied the

motion and further stated, in essence, that the bond forfeiture was to be paid immediately and that the State could take necessary action against the appellant. Unclear from this record, but alleged by the appellant, the trial court clerk issued an execution of the judgment and the Sheriff set a sale of the appellant's property for June 20, 2005. This court granted a stay of the sale and directed the appellant to file a $5000 bond for costs incurred relative to the stay. The appellant executed an appropriate bond.

Upon review, it is apparent that the record before this court does not include the Rule 58 judgments concerning the final forfeiture or the appellant's motion to alter or amend. The entries from the court's minutes and the scire facias are devoid of any monetary amounts. The instant appeal purports to be one as of right, pursuant to Tennessee Rule of Appellate Procedure 3. However, Rule 3 provides for appeals as of right from final judgments. Tenn. R. App. P. 3.

Both the State and the appellant are correct that Tennessee Rules of Civil Procedure control and that a Rule 58 judgment is required. "The purpose of [Tennessee Rule of Civil Procedure 58] is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved." Masters ex rel. Masters v. Rishton, 863 S.W.2d 702, 705 (Tenn. Ct. App.1992). "Under the plain language of [Tennessee Rule of Civil Procedure] 58, the signature of the judge is mandatory to effectuate a judgment or order of final disposition." Green v. Moore, 101 S.W.3d 415, 420 (Tenn. 2003). "[Tennessee Rule of Civil Procedure] 58 reflects the principle that a court speaks only through its written judgments, duly entered upon its minutes; therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." Environmental Abatement, Inc. v. Astrum R.E. Corp., 27 S.W.3d 530, 536 (Tenn. Ct. App. 2000).

We are unable to review the case without such judgments before us. See In re: AB Bonding Company, Inc., No. M2003-02813-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1095, at *10 (Tenn. Crim. App. Dec. 10, 2004) (citing State v. Howard C. Covington, No. W2001-01575-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 607, at *8 (Tenn. Crim. App. July 16, 2002)).

Conclusion

Because this record fails to contain a Rule 58 final judgment in compliance with the Tennessee Rules of Civil Procedure, the case is not properly before this court as a rightful appeal and the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE