**REM ENTERPRISES, LTD., a Tennessee General Partnership, Plaintiff–Appellee,**

v.

**Ron C. FRYE, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

May 23, 1996.

Permission to Appeal Denied by Supreme Court Jan. 6, 1997.

Andrew R. Tillman, Carlyle Urello, Paine, Swiney and Tarwater, Knoxville, for Plaintiff–Appellee.

James W. Hodges, Jr., Memphis, for Defendant–Appellant.

## OPINION

FRANKS, Judge.

The Chancellor entered a consent judgment, and on appeal appellant insists that he had withdrawn his consent, and in any event, it was improper for the Court to enforce the agreement.

Appellee-plaintiff REM Enterprises, Ltd., owned a tract of land in Blount County, and a dispute arose over whether appellant-defendant Frye had an option to purchase this land. Plaintiff refused to sell defendant the land but defendant filed an affidavit with the Blount County Registrar's office stating that he had exercised that option.

Plaintiff subsequently filed suit against defendant, seeking removal of the cloud on the title and damages for slander of title. Another dispute arose over settlement negotiations and defendant counter-claimed seeking specific performance of an alleged settlement agreement.

The parties reached another settlement agreement on January 20, 1995. This agreement was read in open court and the parties acknowledged their agreement to the Chancellor. In the agreement, plaintiff agreed to provide defendant with a specimen warranty deed as soon as possible and to convey the property to defendant for $68,500.00 on March 6, 1995. If defendant did not purchase the property on March 6, 1995, plaintiff would "reduce this agreement to judgment immediately." This entitled it to have the cloud on the title to the property removed and collect $20,000.00, plus interest, in damages from defendant.

Plaintiff faxed defendant a specimen deed on January 30, 1995. On March 6, 1995, a fax from defendant's attorney informed plaintiff that the lender bank required a corporate resolution for good title, and that until this was done, he considered plaintiff in breach of the settlement agreement. Defendant did not appear at the scheduled closing on that date.

On March 7, 1995 plaintiff filed an Application for Entry of Final Judgment asking the court to enter judgment as provided in the settlement agreement. Defendant and his attorney apparently met with the Chancellor in chambers, advising him that defendant considered plaintiff to be in breach of the settlement agreement and that defendant no longer consented to the terms of the agreement. On March 14, 1995, the Chancellor ruled that defendant had "not fulfilled his obligations under the Compromise and Settlement ... Plaintiff is entitled to immediate entry of a final judgment under the Compromise and Settlement...." The Chancellor entered judgment pursuant to the terms of the settlement agreement.

On April 12, 1995, defendant filed a Motion to Make Additional Findings of Fact and Alter and Amend Judgment. He reiterated plaintiff's failure to provide the documentation necessary to complete the agreement. He also attached a letter in support from a bank, stating that the loan could be closed as soon as the corporate acknowledgment was provided. Also attached was an affidavit from a title attorney with defendant's lender stating that the specimen deed "did not bear a corporate certificate of acknowledgment; also that the corporate resolution authorizing the sale of the real property would be necessary; that upon receipt of these documents, I, on behalf of Charter Federal Savings Bank, was prepared to close the loan...." The Chancellor denied this motion on June 21, 1995.

The Compromise and Settlement Agreement was agreed to on January 17, 1995. The terms of the settlement were read in Court, and all parties gave their assent directly to the Chancellor.

■ Defendant claims that he withdrew that consent before the March 14, 1995, judgment was entered against him and before the denial of his Motion to Alter or Amend the judgment. He relies on *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn.1987) for the proposition that a court lacks the power to enter a consent judgment if the court is aware that one of the parties has withdrawn his consent prior to the entry of judgment.

However, *Harbour* also cited the general rule on this issue:

The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the

time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

In *Harbour* the settlement had not been read in court and had not been made part of the technical record. The terms of the agreement in this case were read in open court to the Chancellor who personally asked each of the parties if they consented to the settlement. Defendant attempted to go through with the purchase of the land per terms of the agreement. His argument that he withdrew his consent[1] after the conditions and time line for the agreement had taken place, is without merit.

Finally, defendant argues that the failure of plaintiff to supply a corporate acknowledgment prevented the sale from going forward. Plaintiff asserts that a corporate resolution is not necessary to convey good title. It cites, T.C.A. § 61–1–109, which allows "any partner to convey title to such property by a conveyance executed in the partnership name." While this statute gives the partners the authority to make such a transaction, it does not address the process necessary to effect a valid conveyance. A good conveyance requires the step of authentication/acknowledgment by the vendor. T.C.A. § 66–5–106[2]; *also see* T.C.A. § 66–22–101[3]. Without such an acknowledgment or registration, a deed is effective between the parties but not effective as to other parties without notice. *In re West v. United American Bank*, 23 B.R. 48 (Bankr. E.D.Tenn.1982). A lender can lose the priority of its security interest. *In re Airport–81 Nursing Care, Inc.*, 29 B.R. 501 (Bankr. E.D.Tenn.1983). *Also see Huckaby Plumbing v. Cardinal Industries Mortgage*, 848 S.W.2d 57 (Tenn.1993).

Plaintiff argues under the terms of the agreement, defendant's failure to make the purchase requires the entry of a judgment against him, regardless of the reason. However, parties to such an agreement have a duty to act reasonably in fulfilling the terms of such an agreement. *See Arcata Graphics v. Heidelberg Harris*, 874 S.W.2d 15 (Tenn. App.1993). This dispute was not appropriately determined on affidavits in the record, and we vacate and remand for an evidentiary hearing to determine who breached the agreement.

The cost of the appeal is assessed one-half to each party, and the cause remanded for further proceedings consistent with this opinion.

McMURRAY and SUSANO, JJ., concur.

---

1. This attempted "withdrawal" is not reflected in the record, but apparently took place in the Chancellor's chambers.

2. **66–5–106. Authentication and registration required—Formal ceremonies unnecessary.**—No deed of conveyance for lands, in whatever manner or form drawn, shall be good and available in law, as to strangers, unless it is acknowledged by the vendor, or proved by two (2) witnesses upon oath, in the manner prescribed in chapters 22 and 23 of this title, and registered by the register of the county where the land lies. All deeds so executed shall be valid and pass estates in land, or right to other estates, without livery of seisin, attornment, or other ceremony in the law whatever.

3. **22–10–101. Authentication.**—To authenticate an instrument for registration, its execution shall be acknowledged by the maker, if the maker is the natural person executing the instrument, or if the maker is another natural person or is a corporation, partnership, or other entity which is not a natural person, by the natural person acting on behalf of the maker or a constituent of the maker, or proved by two (2) subscribing witnesses, at least.

T.C.A. § 66–22–108 sets forth the form used for authentication of a deed.