# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 24, 2012 Session

## IN THE MATTER OF: THE ESTATE OF MARY ISABEL GENTRY, DECEASED

**Appeal from the Probate Court for Dickson County**
**No. 1002107P      Nathan Brown, Judge Pro Tem**

—————————————

**No. M2011-00778-COA-R3-CV - Filed March 20, 2012**

—————————————

Appellant filed a motion to set aside an order that purported to settle a dispute concerning the real estate in a decedent's estate. The court denied the motion; Appellant contends this was error. The parties announced their agreement to settle the dispute in open court. An order, titled "Agreed Order," was subsequently entered but it was not signed by Appellant's counsel; moreover, Appellant filed an objection to the entry of the order prior to it being approved by the court. The transcript of the agreement announced in court reveals that the so-called "Agreed Order" does not contain a material condition to the fulfillment of the agreement, that Appellant "is going to be borrowing money in order to come up with the funds necessary to offset that and pay these amounts to these other two individuals, so that's part of the agreement." We find the denial of Appellant's motion to set aside the so-called Agreed Order causes an injustice to Appellant; accordingly, we reverse the denial of Appellant's Rule 59.04 motion to set aside the November 3, 2010 Agreed Order. The trial court also found that performance under the agreement was not a legal impossibility, meaning that Appellant could obtain the requisite loan. We have determined the evidence preponderates against this finding because Appellant demonstrated that, due to the current appraised value of the property, she is unable to obtain the requisite financing. Accordingly, we reverse and remand for further proceedings consistent with this opinion to the extent necessary to complete the administration of the decedent's estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Kirk Vandivort and Brian Ragan, Dickson, Tennessee, for the appellant, Constance Gail Jones.

J. Reese Holley, Dickson, Tennessee, for the appellee, Estate of Gary Gentry.

Jack L. Garton, Dickson, Tennessee, for the appellee, Estate of Gracie Gentry.

**OPINION**

Appellant, Ms. Gail Jones, appeals from the trial court's denial of her Tenn. R. Civ. P. 59.04 motion to set aside an order that was entered to settle issues concerning real estate owned by the decedent, Ms. Jones's mother, which real estate Ms. Jones wishes to retain. The real property at issue derives from the Estate of Mary Isabel Gentry, who died in September 2002. In October 2002, the Last Will and Testament of Mary Isabel Gentry was admitted into probate in Dickson County. The will named her two children, Ms. Jones and Gary Gentry, as the residual beneficiaries. Ms. Jones was named the executrix of the estate. The real property was appraised in 2003 and valued at $772,500.

In February 2004, Gary Gentry died intestate. He was survived by his wife, Gracie Gentry, and his adult daughter, Tracy Correll. As a consequence of his death, Gary Gentry's inheritance descended to his wife and his daughter, in equal shares. While both Gary Gentry's estate and the estate of Mary Gentry remained open, Gracie Gentry died intestate leaving her only child, Carlton Alberd, as the sole heir of her intestate estate. As a consequence of the two additional deaths, Ms. Jones was entitled to a one-half undivided interest in her mother's estate and Ms. Correll and Mr. Alberd each were entitled to a one-fourth undivided interest in the estate.

For reasons unexplained by the record, the administration of the estate moved forward at a snail's pace until August 26, 2010, eight years after Mary Isabel Gentry's death, when Ms. Correll filed a motion to sell the real property of Mary Isabel Gentry's estate so that the proceeds could be divided and distributed among the three interested parties. Ms. Jones opposed the sale of the property and filed a Motion to Construe the last will and testament of Mary Isabel Gentry. Both motions were set to be heard on August 31, 2010. Immediately prior to the hearing on the motions, the parties announced through their respective counsels that an agreement had been reached. The agreement announced in court, which was recorded by a stenographer, was that Ms. Jones would retain her one-half interest in the real property and acquire the remaining one-half interest by paying to her mother's estate fifty percent of the appraised value of the real property and the estate would pay agreed upon sums to Ms. Correll and Mr. Alberd in consideration for both of them releasing any and all claims to the estate.[1] It was also announced that Ms. Jones was going to be borrowing money in order to come up with the necessary funds.

---

[1]The estates of Gary Gentry and Gracie Gentry were also parties to the agreement.

Thereafter, Ms. Jones promptly made an application for the requisite loan with Pinnacle Financial Partners. Within a few days of the application, Pinnacle advised her that the value of the real property had dropped dramatically since the 2003 appraisal and that it would not make the loan in the amount she required. Immediately upon learning of this fact, Ms. Jones notified Ms. Correll and Mr. Alberd that she would be unable to obtain financing as previously thought. Nevertheless, counsel for Ms. Correll and Mr. Alberd filed an "Agreed Order" with the court, which had been approved by and bore the signatures of the attorneys for Ms. Correll and Mr. Alberd; however, the order had not been approved by Ms. Jones's attorney. On October 12, 2010, Ms. Jones filed a motion requesting that the probate judge not approve or enter the Agreed Order. That same day, Mr. Alberd filed a Motion to Compel Entry of the Agreed Order.

Two weeks later, the "Agreed Order" was approved by the probate court and it was entered on November 3, 2010. The "Agreed Order" provided that Ms. Correll and Mr. Alberd were divested of their interest in the estate of Mary Isabel Gentry in consideration for Ms. Jones paying to the estate $403,267.25. The estate was then to pay Ms. Correll $214,500 for her interest in the estate and $188,767.25 to Mr. Alberd for his interest in the estate.[2] Ms. Correll, Mr. Alberd, and the estates of Gary and Gracie Gentry also waived any and all claims against the estate of Mary Isabel Gentry.

On December 2, 2010, Ms. Jones filed a Motion to Alter, Amend, or Set Aside the Agreed Order pursuant to Tennessee Rule of Civil Procedure 59.04. Following a hearing on January 18, 2011, the trial court issued a Memorandum Opinion denying Ms. Jones's motion. The trial court found that Ms. Jones's ability to find financing was not a condition precedent to the agreement, that there was no mutual mistake between the parties, that there was a meeting of the minds, and that performance under the agreement was not a legal impossibility. Ms. Jones filed a timely appeal.

**Analysis**

Ms. Jones raises several issues in support of her contentions that the trial court erred by enforcing the Agreed Order and that the court misconstrued the agreement announced in court. We have determined that the so-called "Agreed Order" should not have been entered because it does not correctly or completely represent the agreement announced in court. Further, the agreement as announced expressly provided that Ms. Jones "is going to be borrowing money *in order to come up with the funds necessary*" and she demonstrated that, due to the current appraised value of the property, she is unable to do so.

---

[2]The reason for the different purchase prices is not relevant to the issue on appeal.

I.

In *Environmental Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530 (Tenn. 2000), this court held that:

> Tennessee is one of those jurisdictions where:
>
> > the terms of the settlement should be stated to the court and taken down by the reporter or otherwise reduced to writing so as to prevent a dispute as to what are the terms of the settlement, and that an oral stipulation for compromise and settlement made in open court in the presence of the parties and preserved in the record of the court is as binding as a written agreement.
>
> 15A C.J.S. Compromise and Settlement § 17 at 214-215 (citations omitted).

*Environmental Abatement*, 27 S.W.3d at 539-540.

We are fortunate to have a stenographic transcript of the agreement of the parties as announced in court. The agreement between the parties as announced in court by Ms. Jones's attorney, stated in pertinent part:

> And what is going to happen here is in exchange for Ms. Jones receiving the real property, she is going to be borrowing money in order to come up with the funds necessary to offset that and pay these amounts to these other two individuals, so that's part of the agreement.
>
> Also part of the agreement is there are roughly 31 to - somewhere between 31- and 34 - or $35,000 in costs and expenses that will be paid by Ms. Jones as part of this settlement. So when she borrows money, she'll borrow additional money so that at the end of the day, this estate will be fully administered.

The so-called "Agreed Order" did not contain any reference to the fact Ms. Jones would be borrowing money in order to come up with the necessary funds. We have determined this is a material provision of the agreement as announced in court; thus, the "Agreed Order" does not correctly state the agreement. Accordingly, it should not have been entered, especially in that Ms. Jones's attorney objected to the order prior to its approval by the court and it did not contain the signature of her attorney signifying approval for entry of the order.

When an order is entered, a party may seek relief from such order by timely filing a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the order. Ms. Jones did just that, however, the trial court denied relief. On appeal, we review the trial court's denial of a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend a judgment under the abuse of discretion standard. *Whalum v. Marshall,* 224 S.W.3d 169, 174 (Tenn. Ct. App. 2006) (citing *Chambliss v. Stohler,* 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or *that causes an injustice to the party complaining.*" *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)) (emphasis added). We have determined the trial court erred by not setting aside the order because enforcing it will cause an injustice to Ms. Jones.[3] Accordingly, we reverse the decision denying the Rule 59.04 motion.

## II.

The agreement as announced in open court expressly provided that Ms. Jones "is going to be borrowing money *in order to come up with the funds necessary.*" The trial court found that Ms. Jones's ability to find financing was not a condition precedent to the agreement and that performance under the agreement was not a legal impossibility. We respectfully disagree.

The standard of review of a trial court's findings of fact is de novo, and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Id.*; *see also The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).

We have concluded that the evidence preponderates against the trial court's finding. Although the terminology stated in the agreement is inartful, the statements made by Ms. Jones's attorney in court are sufficient to condition the agreement upon Ms. Jones's ability to obtain the requisite financing. In support of her motion to set aside the judgment, Ms.

---

[3]In support of their argument that the trial court did not abuse its discretion, Ms. Correll and Mr. Alberd cite to *REM Enterprises v. Frye*, 937 S.W.2d 920 (Tenn. Ct. App. 1996), and argue that the trial court correctly entered the Agreed Order and denied Ms. Jones's motion to set aside the order because once the agreement was announced in court and the trial court asked if the parties consented to the agreement, then the agreement was binding, and therefore, Ms. Jones could not withdraw her consent to the agreement. *Frye*, 937 S.W.2d at 921-922; *see also Moxham v. Crafton*, No. M2002-00803-COA-R3-CV, 2001 WL 468669 (Tenn. Ct. App. May 4, 2001). For the reasons stated herein, we find *Frye* distinguishable because the "Agreed Order" did not correctly or completely represent the agreement announced in court.

Jones filed an affidavit in which she too stated that a condition of the agreement was that she obtain a loan to pay the funds to Ms. Correll and Mr. Alberd, that she was unable to obtain such a loan, and that she otherwise lacked the financial resources to comply with the other conditions of the agreement without a loan. The transcript of the agreement as announced in court supports Ms. Jones's testimony. Further, in addition to establishing this as a material condition of the agreement, Ms. Jones demonstrated that, due to the current appraised value of the property, she is unable to obtain the requisite financing.

## In Conclusion

For the reasons stated above, we reverse the trial court's decision to deny Ms. Jones's Rule 59.04 motion to set aside the November 3, 2010 Agreed Order. We also reverse the findings that Ms. Jones's ability to obtain the requisite financing was not a material condition to the agreement and that performance under the agreement was not a legal impossibility. Accordingly, this case is remanded for further proceedings consistent with this opinion necessary to complete the administration of the decedent's estate. Costs of appeal are assessed against the Appellees, Estate of Gary Gentry, Estate of Gracie Gentry, Ms. Correll, and Mr. Alberd.

_____
FRANK G. CLEMENT, JR., JUDGE