# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
Assigned on Brief December 4, 2012

## THOMAS GRIGSBY ET AL. v. W. ARLEN HARRIS, SR. ET AL.

**Appeal from the Chancery Court for Hickman County**
No. 08-921C     Timothy L. Easter, Judge

---

**No. M2012-00370-COA-R3-CV - Filed December 12, 2012**

---

The parties, owners of adjoining rural property in Hickman County who shared a single driveway that was used as access to their respective properties, filed competing pleadings to establish the common boundary line and to quiet title. On the day of trial, the parties announced their agreement to settle the dispute; the agreement was read in open court, counsel for both parties acknowledged their client's consent to the settlement as read, and a diagram of the new boundary line was made an exhibit to the transcript of the evidence. The court approved the parties's settlement in open court; however, before the judgment could be entered, Plaintiffs' withdrew their consent to the settlement. Over Plaintiffs' objections, the trial court entered judgment based upon the settlement announced in open court. Plaintiffs filed a Tennessee Rule of Civil Procedure Rule 60.02 motion to set aside the judgment. The trial court denied the motion. In this appeal, Plaintiffs contend the trial court abused its discretion in failing to allow Plaintiffs' to withdraw from the agreement or, alternatively, in failing to conduct a hearing on the issue of whether or not Plaintiffs were bound by the agreement. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellants, Thomas Grigsby, and wife, Symiria Grigsby.

Michael D. Cox, Columbia, Tennessee, for the appellees, W. Arlen Harris Sr., and wife, Janice Harris.

## OPINION

Thomas Grigsby and Symiria Grigsby ("Plaintiffs") filed a petition to Establish Boundary Line, Quiet Title, for Injunctive Relief and Damages on January 25, 2008. In their Petition, Plaintiffs alleged that W. Arlen Harris Sr. and Janice Harris ("Defendants") were adjoining landowners and that a single driveway had been used by both parties as access to their respective properties. Plaintiffs asserted that, based upon a survey of their property, there was a dispute as to the boundary line between the two properties that involved, among other things, the driveway.

Defendants filed an Answer and Counter-Complaint on March 18, 2008, asserting they had use of the driveway by an Easement by Prescription. By way of the Counter-Complaint, Defendants asserted they had acquired their property in 1977 and that their use of the driveway had been exclusive, actual, continuous, open and notorious since that time.

Plaintiffs' attorney moved to withdraw on June 7, 2010 and leave was granted. Plaintiffs' new counsel filed a Notice of Appearance on August 20, 2010. The case was set to be tried on September 1, 2011.

On the morning of the trial, September 1, 2011, the attorneys announced that the parties were very close to a settlement, which involved a partial land swap, and asked for a short recess to complete the details. The court agreed and thirty minutes later, after further discussions, the parties, with their counsel, returned to the courtroom to announce the settlement in open court. Plaintiffs' attorney announced the agreement to the court:

> . . . [Defendants' attorney] and I have been able to get our parties to reach an agreement to do a land swap on the front end of the property and the back end of the property.
>
> We would respectfully like to ask this Court to give us a status conference to make sure that the settlement agreement has been executed, as well as the deeds, and that these property swaps are equal and that the clients are very comfortable with the swaps, and the surveys that have been taken care of and the deeds that will be taken care of so they can convey the property to each other properly.

Defendants' attorney then addressed the court to state the specific terms of the agreement.

> Just for clarification purposes, I would like to submit to the court reporter - it's a diagram of our agreement. It's not to scale, but it's a volunteer survey that

we've been using to discuss this. What [Plaintiffs] will receive is in blue and what [Defendants] will receive is in red.

. . .

And this will be the terms of our agreement, subject to a new survey that the parties will split equally.

Plaintiffs' attorney advised the court that her clients agreed with this statement and the unofficial survey was marked as Exhibit 1.

On September 20, 2011, Defendants submitted a proposed order to Plaintiffs' attorney that incorporated the "agreement." On September 23, 2011, Plaintiffs' attorney filed a Motion to Withdraw as Counsel, citing communication problems with her clients. Defendants opposed the motion to withdraw, requesting that the motion be delayed until the order incorporating the September 1, 2011 settlement agreement was entered by the Court. The court did not grant Plaintiff's counsel leave to withdraw.

On October 3, 2011, Defendants filed a Motion to Enforce Settlement Agreement and, on October 11, 2011, the court entered the order submitted by Defendants. The order stated that the court approved the settlement reached by the parties and that the matter would be reviewed on November 22, 2011 to ensure that all necessary documentation had been completed. Plaintiffs' attorney was allowed to withdraw at that time.

On October 31, 2011, Plaintiffs, filed a *pro se,* hand-written motion erroneously titled Motion to Enforce Settlement Agreement in which Plaintiffs asserted that they misunderstood the amount of land that they were giving away and that land swap deprives them of their only means of access; to wit, the driveway, to their property. Plaintiffs requested a continuance of the November 22, 2011 hearing and indicated that "if (we) could come up with a good cause, we will go along with it." Defendants opposed the motion, arguing there was no reason to delay the November 22, 2011 hearing. It appears the motion was denied because the hearing was held as scheduled.

On November 22, 2011, Plaintiffs' prior attorney, who had withdrawn from the case because of inability to communicate with her client, filed another Notice of Appearance. On the same date, the court conducted a hearing and approved the formal survey that reflected the land swap stated at the September 1 hearing. The court entered the order on December 19, 2011.

On January 18, 2012, Plaintiffs filed a second *pro se* hand-written motion this time asking for relief from the judgment, stating only that "(a) new driveway; as deep as it is we

will have problem with it forever." The court denied the motion on January 24, 2012. This appeal followed.

## ANALYSIS

Plaintiffs assert the trial court erred by entering judgment based upon the parties' agreement because Plaintiffs withdrew their consent before the judgment was entered. They also assert it was error to deny their Tennessee Rule of Civil Procedure 60.02 motion to set aside the judgment that, they contend, was erroneously entered. We respectfully disagree with both assertions.

Plaintiffs rely on the case of *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn. 1987) to assert that the trial court should not have entered the agreed order after they withdrew their consent prior to its entry. In *Harbour*, the Supreme Court reversed a judgment based on a compromise agreement because the trial court was aware, prior to the entry of the order, that the defendant had withdrawn his consent to the settlement agreement. The Court stated in that case,

> [T]he resolution of disputes by agreement of the parties is to be encouraged. But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment.

*Harbour*, 732 S.W.2d at 599.

Defendants, however, assert that *REM Enters. v. Frye*, 937 S.W.2d 920 (Tenn. Ct. App. 1996), carved out an exception to the seemingly absolute rule in *Harbour*. The defendant in *Frye* withdrew his consent to the settlement agreement before the judgment on the agreement was entered. Although the defendant relied upon *Harbour* in making its argument, this court distinguished the two cases and held that the settlement agreement as announced in open court was binding on the parties. *Id.* at 922. The distinguishing factor was that the parties in *Harbour* had announced to the court that they had reached a settlement but the terms of the settlement were not read in court or made a part of the technical record. Conversely, in *Frye* the terms of the agreement were read in open court, the parties expressed their consent to the judge in open court, and the trial judge approved the settlement. Based upon these circumstances, we held this to be a sufficient predicate for the entry of the judgment, notwithstanding the defendant's subsequent withdrawal of his consent to the settlement.

The general rule as to the requirements for entry of a consent judgment, is set out in 49 C.J.S. Judgments § 174(b) and quoted in both *Harbour* and *Frye*:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

*Frye*, 937 S.W.2d at 921.[1]

Following the evolution of the above legal principles, Tennessee Courts now uniformly hold that if the terms of a settlement are announced to the court or memorialized in a signed, enforceable contract, a judgment may be entered thereon, even if one party later repudiates. *In re Estate of Creswell*, 238 S.W.3d 263, 268 (Tenn. Ct. App. 2007).

The settlement agreement was expressly stated in open court, which is memorialized in a verbatim transcript and a rough boundary line survey that was made an exhibit. Further the parties consented to the agreement as announced and the court approved the settlement in court on September 1, 2011. For the foregoing reasons, we find no error with the entry of judgment based upon the above facts, notwithstanding Plaintiffs' repudiation of the settlement agreement prior to entry of the judgment.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[1]As the court explained in *Frye*:

> The disjunctive "or" in the above quote indicates that while simultaneous agreement by the parties and the court is a necessary prerequisite for a valid agreed order, that agreement may adequately manifest itself when the parties are before the court, even if a valid judgment has not yet been entered. The appellee contends that the agreement in the present case received the sanction of the court when the chancellor was called back to the bench, heard the terms of the agreement, ascertained the parties' consent by questioning them, and announced his approval.

*Frye*, 27 S.W.3d at 538.