IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 17, 2019 Session

## KELLY R. HARRIS v. LONNIE C. HARRIS

**Appeal from the Chancery Court for Knox County**
**No. 189601-3          Michael W. Moyers, Chancellor**

———————————————————

**No. E2018-01445-COA-R3-CV**

———————————————————

This appeal arose from a divorce action filed by the wife. The husband and the wife appeared before the trial court and presented a settlement agreement for the trial court's approval. Prior to entry of the court's order approving the settlement agreement, the husband filed written notice that he no longer consented to the agreement. Following entry of the trial court's order in June 2018, the husband filed a motion seeking to set aside such order pursuant to Tennessee Rule of Civil Procedure 60.02. In his motion, the husband argued that the trial court had failed to supply him with a functioning voice amplification system that he had requested for use during the hearing and that he had misunderstood the terms of the parties' agreement. The trial court denied the husband's motion without hearing evidence regarding whether the husband had a disability for which accommodation during the proceedings was necessary or making a finding regarding whether he had properly requested the accommodation as asserted in his motion. Upon a thorough review of the record, we vacate the trial court's judgment and remand for an evidentiary hearing concerning the husband's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

William S. Lockett, Jr., Knoxville, Tennessee, for the appellant, Lonnie C. Harris.

Scott L. Saidak, Knoxville, Tennessee, for the appellee, Kelly R. Harris.

**OPINION**

## I. Factual and Procedural Background

The plaintiff, Kelly R. Harris ("Wife"), and the defendant, Lonnie C. Harris ("Husband"), were married in May 1995. During the marriage, the parties had two minor children. On May 13, 2015, Wife filed a complaint for divorce in the Knox County Chancery Court ("trial court"), alleging as grounds that irreconcilable differences existed and that Husband had engaged in inappropriate marital conduct. Husband filed an answer, admitting that irreconcilable differences existed but denying that he had committed inappropriate marital conduct. Husband further included a counter-complaint, alleging that Wife had engaged in inappropriate marital conduct, or alternatively, that irreconcilable differences existed between the parties.

Following a hearing conducted on March 31, 2017, the trial court entered an order on April 17, 2017, declaring the parties divorced pursuant to Tennessee Code Annotated § 36-4-129 (2017). The trial court reserved all other issues for further hearing. Subsequently, the trial court entered an agreed order in October 2017, directing Wife to pay child support to Husband in the amount of $293 per month.

On March 22, 2018, the parties and their respective counsel appeared before the trial court and presented for the court's approval their settlement agreement regarding custody, child support, and property distribution. The parties' counsel explained the terms of the settlement agreement to the trial court. Both Husband and Wife were sworn in by the trial court, and the trial court requested confirmation of their respective consent to the settlement agreement as follows:

Trial Court: Okay. Can I get both parties to stand, please? Ma'am, you've heard the agreement that's been announced by counsel. Is that in fact your agreement?

Wife: Yes, it is.

Trial Court: Do you agree to be bound by it?

Wife: Yes.

Trial Court: All right. Sir, you've heard the agreement that's been announced by counsel. Is that in fact your agreement?

Husband: Yes.

Trial Court: And you agree to be bound by it?

Husband:    Yes.

Wife's attorney subsequently agreed to draft an order memorializing the proceeding.

Husband subsequently obtained new trial counsel, and an agreed order of substitution of counsel was entered on May 23, 2018. On May 21, 2018, Husband filed a "Motion in Opposition to the Entry of Agreed Final Decree of Divorce." In his motion, Husband stated that he suffered from "significant auditory hearing-loss" and that he had difficulty comprehending the events that had occurred during the hearing on March 22, 2018. Husband further stated that, as a result of his disability, he "was mistaken in his understanding of material terms announced to the Court on that date." According to Husband's motion, Husband had received a letter from Wife's attorney on May 11, 2018, which included the proposed order memorializing the parties' agreement. Husband asserted that he did not agree to the terms of the proposed order and as such, was communicating "his lack of consent to the Order directly to [the trial court]." In his motion, Husband urged the trial court not to enter the proposed order due to Husband's withdrawal of consent.

Without further hearing, the trial court entered an order on June 7, 2018, memorializing the parties' settlement agreement as announced during the March 22, 2018 hearing. In its order, the trial court relied, *inter alia*, on the statements made to the court by each party's counsel and the sworn testimony of Husband and Wife "wherein each party agreed to be bound by the announced settlement agreement in this matter."

On July 2, 2018, Husband filed a "Motion to Set Aside Final Decre[e] of Divorce" pursuant to Tennessee Rule of Civil Procedure 60.02, alleging that he did not understand the material terms of the parties' announced settlement agreement. In his motion, Husband acknowledged that he was present during the hearing but again asserted that he suffered from "significant auditory hearing-loss" and was unable to comprehend the events that had transpired during the March 22, 2018 hearing. Husband further alleged in his motion that the trial court erred by entering its order approving the settlement agreement after Husband had withdrawn his consent. Based on the foregoing, Husband requested that the trial court set aside its June 7, 2018 judgment. On August 2, 2018, the trial court considered oral arguments by the parties' counsel and entered an order denying Husband's motion to set aside the divorce decree. Husband timely appealed.[1]

---

[1] Wife, as appellee, filed a reply brief in response to Husband's reply brief. Husband subsequently filed a "Motion to Strike Appellee's Rebuttal Brief." Upon review of the Husband's motion and the appellate briefs filed in this appeal, we determine that Husband's motion to strike Wife's reply brief should be granted. Pursuant to Tennessee Rule of Appellate Procedure 27(c), an appellee may only file a reply brief on appeal if the appellee has raised additional issues in his or her responsive brief and the appellant's reply brief has responded to issues raised by the appellee. Wife's responsive brief raised no additional issues for this Court's review. Therefore, Wife's reply brief is hereby stricken.

## II.  Issues Presented

Husband presents two issues for review, which we have restated as follows:

1.      Whether the trial court erred by entering its order approving the parties' settlement agreement after Husband had filed written notice that he was withdrawing his consent to the agreement.

2.      Whether the trial court violated the Americans with Disabilities Act and Husband's due process rights by failing to provide Husband with voice amplification equipment during the March 22, 2018 hearing.

## III.  Standard of Review

As our Supreme Court has elucidated with regard to motions seeking relief from a prior judgment or order:

> Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *McCracken v. Brentwood United Methodist Church,* 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).
>
> A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Id.* The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.,* 4

- 4 -

S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

*Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010).

IV. Americans With Disabilities Act

Husband contends that the trial court erred by entering an order approving the parties' announced agreement in part because the trial court had not complied with the Americans with Disabilities Act ("ADA") and # 2.07 of the Administrative Policies and Procedures of the Tennessee Supreme Court and Administrative Office of the Courts ("ADA Policy"). Upon thorough review, we are unable to determine from the record whether Husband timely complied with the requirements of the judicial branch ADA policy or whether the trial court provided the requested accommodation during the March 22, 2018 hearing. We therefore remand to the trial court for an evidentiary hearing regarding Husband's motion to set aside the judgment to determine compliance with the ADA Policy.

Regarding judicial proceedings and the ADA, this Court has explained:

The ADA prohibits public entities from denying qualified individuals with disabilities access to their services, programs, or activities. [42 U.S.C. § 12132 (Supp. 2017).] To avoid discrimination, public entities must make reasonable modifications to their practices, policies, or procedures "unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

In judicial proceedings, courts must ensure that communication with disabled individuals is effective. *Id.* § 35.160(a)(1). Thus, courts must furnish appropriate aids and services to allow disabled individuals to participate. *Id.* § 35.160(b)(1).

*State ex rel. Malmquist v. Malmquist*, No. W2017-00893-COA-R3-JV, 2018 WL 6261863, at *3 (Tenn. Ct. App. Nov. 29, 2018), *perm. app. denied* (Mar. 28, 2019) (internal footnote omitted).

Tennessee Supreme Court Rule 45 provides that the Director of the Administrative Office of the Courts shall be authorized to establish policies and procedures consistent with the ADA and requires that the Tennessee Supreme Court approve any such policy or procedure. Implementation of such policies or procedures requires compliance by all participants in the judicial system. *See* Tenn. Sup. Ct. R. 45. Rule 45 further provides:

"This rule shall apply to all courts in this state, including without limitation, municipal courts, general sessions courts, juvenile courts, circuit courts, chancery courts, criminal courts, and the respective appellate courts."

On November 14, 2008, the Director of the Administrative Office of the Courts and the Chief Justice of the Tennessee Supreme Court approved the ADA Policy in order to "ensure that all individuals have equal access to judicial programs and to prohibit discrimination against any individual on the basis of physical or mental disability in accessing or participating in its programs."[2]  ADA Policy pt. II.  The ADA Policy expressly states that the Tennessee court system will provide individuals with "reasonable modifications to its rules, policies, services, procedures, and practices when doing so is necessary to provide effective access to a qualified individual with a disability."  ADA Policy pt. VI(A).  A qualified individual with a disability is defined by the ADA Policy as

> [a]n individual with a disability who, with or without reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

*See* ADA Policy pt. IV(D); *see also* 28 C.F.R. § 35.108 (defining a "disability" for purposes of the ADA).

The ADA Policy also sets forth the proper procedure for an individual to request a "reasonable modification" due to the individual's disability.  Subsection VI(E) of the ADA Policy instructs that written requests for modification are preferred but that a request may be made by telephone to the "Local Judicial Program ADA Coordinator."  Subsection VI(E) further states that "[i]f appropriate or upon request," the local coordinator may assist an individual with writing and submitting the request for modification.  Furthermore, other associated personnel may assist an applicant with submission of his or her request "[i]f appropriate."  *Id.*

Additionally, the ADA Policy provides that the trial court may, in its discretion, grant an untimely request for modification "without requiring an advance written request."  ADA Policy pt. VI(H).  However, if the trial court approves such an untimely request, either the person requesting a modification or court personnel shall complete a written request for the court's record.  *Id.*  The policy also allows the trial court, in its

---

[2] The complete text of the ADA Policy can be accessed at the Tennessee Administrative Office of the Courts website at http://tncourts.gov/administration/human-resources/ada-policy.

discretion, to "postpone, reschedule or otherwise delay" the proceedings. *Id.* In this situation, the applicant shall "immediately submit a written request" with assistance from court personnel "[i]f appropriate or upon request." *Id.* Per the ADA Policy, a request for modification may only be denied if the Local Judicial Program ADA Coordinator finds that:

1) The person making the request is not a qualified individual with a disability; or,

2) The requested Modification would create an undue financial or administrative burden; or,

3) The requested Modification would fundamentally alter the nature of the judicial program, service or activity; or,

4) Some other Modification would be as effective and involve less cost or inconvenience; or,

5) The applicant has refused to comply with this Policy; or,

6) The applicant's failure to comply with this Policy makes impossible or impracticable the ability to provide the requested Modification.

ADA Policy pt. VI(K).

In the case at bar, Husband argues that the trial court erred by entering an order approving the parties' settlement agreement when Husband did not have the capacity to consent to the agreement because the voice amplification equipment he had requested was not functional during the hearing wherein the parties' respective counsel presented their agreement to the trial court. Husband asserts that due to a hearing impairment, he is "a qualified individual with a disability," pursuant to the ADA and the judicial branch's ADA Policy, and that he was not provided his requested modification (i.e. voice amplification equipment) to allow him to hear and understand the March 22, 2018 proceedings. Wife, however, contends that the trial court's entry of the order reflecting the parties' March 22, 2018 agreement was not in error, arguing that the record lacks evidence that Husband complied with ADA Policy to request a modification or that he suffered from a disability requiring modification. Wife further argues that Husband's failure to object at the time of the hearing constituted a waiver of the alleged violation.

This Court addressed a similar issue in *State ex rel. Malmquist v. Malmquist*, 2018 WL 6261863, wherein a party argued that the trial court's failure to provide her with a modification for her disability had violated the ADA. However, this Court determined

that (1) the party had failed to follow the proper procedure for requesting a modification, (2) the record failed to demonstrate the nature of the party's "temporary disability," and (3) the appellate court was unable to determine whether the party's disability was a "qualified disability" as defined in 28 C.F.R. § 35.108. *See Malmquist,* 2018 WL 6261863, at *3. Based on those circumstances, this Court affirmed the trial court's decision to deny the party's request for modification. *Id.*

In the case at bar, the record reflects that the trial court heard oral arguments from the parties' counsel regarding Husband's motion to set aside the judgment. The record does not establish that the parties presented evidence concerning the allegations in Husband's motion or that the trial court made necessary findings of fact and conclusions of law to support its denial of Husband's motion. Specifically, the trial court failed to make findings regarding whether Husband is a "qualified individual with a disability" such that modification was necessary, pursuant to the ADA and the Tennessee judicial branch's ADA Policy, and whether Husband followed the requirements of the ADA Policy to request a modification for the March 22, 2018 hearing.

Upon a thorough review of the record, we determine that the appellate record is insufficient to establish whether Husband had complied with the request requirements of the ADA Policy prior to the hearing or whether Husband is a "qualified individual with a disability." Because those issues are questions of fact that the trial court should have considered when making its decision denying Husband's motion and because no such evidence was presented to the trial court, we vacate the trial court's denial of Husband's motion to set aside the judgment and remand for an evidentiary hearing.

On remand, the trial court shall conduct an evidentiary hearing and make sufficient findings of fact and conclusions of law regarding whether Husband complied with the requirements of the ADA Policy. Specifically, the trial court should determine whether Husband is "a qualified individual with a disability" such that the ADA and the ADA Policy would apply to him. The court should also analyze the circumstances surrounding any request made by Husband for a modification for the March 22, 2018 hearing, including when such request was made, how such request was made, who made such request, and to whom the request was made. If Husband made a request via telephone, the trial court should determine whether the telephonic request was followed by a written request. Additionally, the trial court should determine whether the voice amplification equipment was operational during the March 22, 2018 hearing. If the trial court determines following an evidentiary hearing that (1) Husband is a "qualified individual with a disability," (2) Husband made a timely request pursuant to the ADA Policy for a modification, and (3) such modification was not provided to Husband, the trial court should set aside its judgment entered on June 7, 2018, which had memorialized the March 22, 2018 hearing.

## V. Order Approving the Parties' Settlement Agreement

Husband also contends that the trial court erred by entering an order approving the parties' settlement agreement after Husband had filed written notice with the trial court that he had withdrawn his consent to the agreement and objected to entry of an order memorializing said agreement. In a similar case where a party attempted to withdraw consent to a settlement agreement prior to entry of a judgment, this Court explained:

> We turn next to whether the trial court erred by enforcing the terms of the settlement agreement notwithstanding Appellants' subsequent withdrawal. Appellants cite *Harbour v. Brown for Ulrich,* 732 S.W.2d 598 (Tenn. 1987), for the proposition that the settlement agreement is not enforceable because they withdrew their agreement prior to approval of the agreement by the trial court. A consent judgment does not reflect the judgment of the court, but merely an agreement between the parties to a lawsuit which has been placed into the record by the court. *Harbour,* 732 S.W.2d at 599. Therefore, although the courts encourage parties to resolve disputes by agreement, generally, the court cannot enter a consent agreement if a party withdraws his consent and communicates his withdrawal to the court before the court enters a judgment. *Id.* The compromise agreement may be enforceable as a contract, but it may not be entered by the court as a judgment when the court knows it has been repudiated by one of the parties. *Id.*
>
> In making this determination, the *Harbour* court quoted 49 C.J.S. *Judgments* § 174(b), which reads[:]
>
>> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court *or* is rendered and promulgated as a judgment.
>
> *Id.* (emphasis added). Accordingly, in *REM Enterprises, Ltd. v. Frye,* this Court recognized an exception to the general rule. *REM Enterprises, Ltd. v. Frye,* 937 S.W.2d 920, 922 (Tenn. Ct. App. 1996) (perm. app. denied). In *REM Enterprises,* we distinguished *Harbour,* where the settlement agreement had not been read in court and had not been made part of the Technical Record. *Id.* We held that under the circumstances presented in *REM Enterprises,* where the terms of the agreement were read in open court and the chancellor asked the parties whether they consented to the agreement, the agreement was enforceable notwithstanding subsequent disavowal by the appellant. *Id.*

Thus, under the proper circumstances, a trial court may enter an agreed order notwithstanding the withdrawal of consent by one of the parties before entry of the judgment. *Environmental Abatement, Inc. v. Astrum R.E. Corp.,* 27 S.W.3d 530, 538-39 (Tenn. Ct. App. 2000) (perm. app. denied). Such circumstances exist at least where the terms of the agreement were presented in open court or hearing, are on the record, and where the terms have been accepted by the court and made part of the record. *Id.* In such cases, the terms of a settlement agreement may be enforceable if the parties agreed to them at the time the agreement was sanctioned by the court, notwithstanding subsequent attempts to withdraw. *Id.*

*In re Estate of Jones*, 154 S.W.3d 582, 585 (Tenn. Ct. App. 2004).

In the present case, during the March 22, 2018 hearing, the trial court inquired of the parties whether they consented to the settlement agreement announced by their respective counsel. Husband and Wife each personally acknowledged his or her consent to the proposed settlement agreement. Following the March 22, 2018 hearing, Husband obtained new counsel and filed a notice informing the trial court that he had withdrawn his consent to the settlement agreement and objected to entry of the order approving the parties' agreement. In his motion, Husband claimed that he had misunderstood terms of the agreement during the hearing. Nonetheless, the trial court entered an order on June 7, 2018, approving the parties' agreement and memorializing the March 22, 2018 hearing.

The issue of whether the trial court erred by entering its June 7, 2018 judgment after Husband had withdrawn his consent is in part dependent on whether the trial court and Husband had complied with the ADA Policy concerning the March 22, 2018 hearing. We therefore remand this issue for an evidentiary hearing and for consideration by the trial court following such hearing.

VI. Conclusion

For the foregoing reasons, we vacate the trial court's judgment denying Husband's motion to set aside the June 7, 2018 judgment approving the parties' settlement agreement. This case is remanded to the trial court for an evidentiary hearing regarding compliance by Husband and the trial court with the state judicial branch's ADA Policy as relevant to the March 22, 2018 hearing. Costs on appeal are taxed to the appellee, Kelly R. Harris.

_____
THOMAS R. FRIERSON, II, JUDGE